



**Court of Appeals**
**Fourth Court of Appeals District of Texas**
**San Antonio**

## MEMORANDUM OPINION

No. 04-10-00853-CR

Edward Glen **BYARS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2010CR2649
Honorable Raymond Angelini, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
Phylis J. Speedlin, Justice
Marialyn Barnard, Justice

Delivered and Filed:  October 12, 2011

AFFIRMED

The sole issue presented in this appeal is whether the evidence is legally sufficient to sustain a conviction for felony driving while intoxicated.  Although Edward Glen Byars does not challenge the sufficiency of the evidence to prove his intoxication, he asserts the evidence is insufficient to show that he was operating a motor vehicle in a public place.  We overrule Byars's contention and affirm the trial court's judgment.

**STANDARD OF REVIEW**

In evaluating the legal sufficiency of the evidence to support a criminal conviction, "we consider all the evidence in the light most favorable to the verdict and determine whether based on that evidence and reasonable inferences therefrom, a rational juror could have found the essential elements of the crime beyond a reasonable doubt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). We defer to the responsibility of the trier of fact to draw reasonable inference from basic facts to ultimate facts. *Id*.

**ANALYSIS**

A person commits the offense of driving while intoxicated "if the person is intoxicated while operating a motor vehicle in a public place." TEX. PENAL CODE ANN. § 49.04 (West 2011). Section 1.07(40) of the Texas Penal Code defines a "public place" as "any place to which the public or a substantial group of the public has access and includes, but is not limited to, *streets*, highways, and the common areas of schools, hospitals, apartment houses, office buildings, transport facilities, and shops." TEX. PENAL CODE ANN. § 1.07(40) (West 2011) (emphasis added).

Byars was arrested for driving while intoxicated after he was involved in an accident with another car while backing out of his driveway. Byars argues that the evidence did not establish that he operated his truck in a public place. Instead, Byars contends the evidence established that he operated his truck in his own private driveway, which was not a public place. This argument is unconvincing when the evidence is considered in the light most favorable to the jury's verdict. *See Hooper*, 214 S.W.3d at 13.

Jaime Silva, the driver of the other car involved in the accident, testified that at least half of Byars's truck was in the street at the time of the accident. Guadalupe Conchas-Rivera,

Byars's neighbor who witnessed the accident, testified that the accident occurred in Byars's driveway. At the time of the accident, however, Conchas-Rivera told the investigating officer that Byars backed the truck out of the driveway and into the other vehicle. The jury was free to resolve any conflicts in the evidence. *See id.* Furthermore, Byars's truck was parked on the street when the investigating officers arrived at the scene. Because the truck was parked on the street, the jury could reasonably infer that Byars drove the truck on the street in order to park it. *See id.* Accordingly, the evidence is legally sufficient to support the jury's finding that Byars drove his truck on the street, which is a public place. *See* TEX. PENAL CODE ANN. § 1.07(40) (West 2011).

## CONCLUSION

Because the evidence is legally sufficient to support the jury's verdict, the trial court's judgment is affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH